# Exhibit 1
# to the Notice of Removal

Filed 7/13/2021 3:39 PM
Diane LeFlore
District Clerk
Grimes County, Texas
Received By: Krystal Jarvis

CAUSE NO. 035449_____

| | | |
|---|---|---|
| TEXAS RENAISSANCE FESTIVAL LLC, | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | 506th JUDICIAL DISTRICT |
| | § | |
| VIVENDI TICKETING U.S. LLC D/B/A | § | |
| SEETICKETS, | § | |
|     Defendant | § | GRIMES COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff, TEXAS RENAISSANCE FESTIVAL, LLC ("TRF" or "Plaintiff") and files this Original Petition against Defendant VIVENDI TICKETING U.S. LLC d/b/a SeeTickets ("SeeTickets" or "Defendant") and asserts the following:

#### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level II of Discovery Rules.

#### II. PARTIES

2. Plaintiff TEXAS RENAISSANCE FESTIVAL LLC is a Texas limited liability company that has its principal place of business in Grimes County, Texas.

3. Defendant VIVENDI TICKETING U.S. LLC d/b/a SeeTickets is a Delaware limited liability company with its principal place of business in California, which has failed to properly register with the Secretary of State to conduct business in the State of Texas. In accordance with Texas Civil Practice and Remedies Code §17.044(b) and 17.045, this party may be served by serving the Texas Secretary of State with two copies of the Petition and Citation who may then mail a copy of the Petition and Citation to VIVENDI TICKETING U.S. LLC at 6380 Wilshire Boulevard, Suite 900, Los Angeles, CA 90048 or wherever its manager or person

1

in charge of the named LLC may be found. **CITATION IS NOT REQUESTED AT THIS TIME.**

### III. JURISDICTION AND VENUE

4. Subject matter jurisdiction exists because the amount in controversy exceeds the jurisdictional requirements of the Court. Venue is proper in Grimes County, Texas because all or a part of the actions or omissions complained of herein occurred in Grimes and surrounding Counties and the contract at issue was entered into in Grimes County. Moreover, Plaintiff and Defendants reside in and/or do business in Grimes County, Texas.

### IV. RULE 47 STATEMENT

5. Plaintiff seeks monetary relief between $250,000 but not more than $1,000,000 pursuant to TRCP 47(c)(3).

### V. FACTS

6. On or about April 9, 2021, Patrick F. McCoveney, allegedly as an agent of the Plaintiff, and the Defendant entered that one certain SeeTickets Service Agreement ("the "Agreement") related to the sale of tickets for entry into the Texas Renaissance Festival held in Todd Mission, Grimes County, Texas. The Agreement was for a 4-year term and required an exclusive relationship for the sale of tickets by Plaintiff with Defendant.

7. Unfortunately, the Agreement was executed by Patrick Coveney without the authorization of the Board of Managers for Plaintiff as required by the LLC's Company Agreement. Not only is there no Resolution to document the authorization for the putative Agreement, but there was likewise no verbal agreement with or notice to the other Board Members concerning this Agreement.

8. Despite the lack of authorization, two sales events ("Events") were conducted by Defendant allegedly on the Plaintiff's behalf for the 2021 Texas Renaissance Festival year. One of the Events was called the *Sale of the Century* and the other was named the *Medieval Meltdown*. The proceeds from each of these Events were to be paid in compliance with Agreement.

9. Assuming a valid and authorized Agreement exists, contrary to language in the Agreement, Defendant has paid an amount to Plaintiff using a calculation method unsupported by the terms of the Agreement. Even after being notified of the issue, Defendant has failed to honor its payment obligations pursuant to the Agreement. Specifically, Defendant has deducted from the Face Value of each ticket, its processing fee, credit card charges, and any other fees to be incurred. Defendant was aware and the Agreement provides, that the Face Value of the ticket shall be paid to TRF. Furthermore, Defendant has withheld funds from each of the sale Events for much longer than the fourteen (14) days allowed by the Agreement. Defendant is wrongfully withholding money from Plaintiff that is rightfully Plaintiff's and should be paid to Plaintiff by Defendant.

## VI. CAUSES OF ACTION

### A. Declaratory Judgment and Money Had and Received

10. The factual allegations above are incorporated herein for all purposes as if fully set forth at length.

11. Plaintiff seeks a declaratory judgment from the Court that Patrick Coveney did not have the proper authority to solely execute the Agreement and/or that Defendant is not authorized to conduct business in the State of Texas and any attempt to enforce the Agreement against Plaintiff is void. Plaintiff seeks a declaration from this Court in accordance with Tex.

Civ. Prac. Rem. Code §37.001 *et seq*. There is a justiciable controversy between the parties about the rights and status of the parties to the Agreement in question, and the declaration would resolve this controversy. The controversy is real and substantial, involving a genuine conflict of tangible interests and not merely a theoretical dispute. Unfortunately, imminent litigation seems unavoidable between the parties.

12. Money is being held by Defendants which in equity and good conscience, rightfully belongs to Plaintiff.

**B.** **Breach of Contract**

13. Alternatively if need be, and without waiving the foregoing, Plaintiff assets a claim for breach of contract against Defendant. To recover under the theory of breach of contract, a party must show there is (1) there is a valid, enforceable contract; (2) the plaintiff is a proper party to sue for breach of the contract; (3) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (4) the defendant(s) breached the contract; and (5) defendant's breach caused the plaintiff injury.

14. The factual allegations above are incorporated herein for all purposes as if fully set forth at length.

15. There is a contract in the form of a Service Agreement between Plaintiff and the Defendant. Plaintiff was an individual party to this agreement along with the named Defendant. The Agreement was for Defendant to provide services to Plaintiff in the form of selling tickets for the TRF. Plaintiff was to be reimbursed at a specific defined rate – that being Face value – and any fees or charges which Defendant was to receive were to be added to the Face Value. Contrary to this method, fees and charges were deducted from the Face Value and Plaintiff was short changed. Events occurred earlier this year and 122,389 tickets were sold. Defendant may

4

contend that any fees and charges are deducted from the Face Value, while Plaintiff contends the express wording of the Agreement is inconsistent with this method of calculation.

16. Defendant is in breach of its Agreement. Plaintiff provided the requisite notice to Defendant, only to be told that Defendant's method of calculation was accurate. Defendant has materially breached its Agreement with Plaintiff with no hope of Defendant changing its course. Such breach has caused Plaintiff damages in an amount with the jurisdiction limits of this Court.

17. Additionally, Defendant is withholding 20% of the incorrectly calculated receivables and has withheld these funds for more than 14 days after the Events. This is also a breach of the Agreement.

## VII. DAMAGES

18. Plaintiff seeks to recover from Defendant its damages associated with Defendant's breach of contract, attorney's fees, interest, and any other damage which the Court feels Plaintiff is justly entitled. Plaintiff's contract damages, including but not necessarily limited to any and all consequential damages would total an amount within the jurisdictional limits of this Court.

19. Attorney's fees incurred for the prosecution of this declaratory judgment and/or breach of contract claim are also being sought, in addition to prejudgment interest. Demand was made pursuant to Chapter 37 and 38 of the Texas Civil Practice and Remedies Code, but no resolution of this dispute could be reached.

20. All conditions precedent for bringing and maintaining this suit have occurred.

WHEREFORE, Plaintiff prays that upon service of citation, Defendant answer herein and that upon final trial hereof, Plaintiff have a judgment in excess of the minimum jurisdictional

limits of this Court, and for such other and further relief, both general and specific, at law and in equity, to which Plaintiff may show himself justly entitled.

        Respectfully submitted.

        **MEYER, KNIGHT & WILLIAMS, LLP**

        /s/ *Nathan A. Steadman*
        Nathan A. Steadman
        State Bar No. 19089450
        Nas@mkwlaw.com
        Hayden E. Anthony
        State Bar No. 24115137
        ha@mkwlaw.com
        8100 Washington Avenue, Suite 1000
        Houston, Texas 77007
        Telephone: (713) 868-2222
        Facsimile: (713) 868-2262

        **ATTORNEYS FOR PLAINTIFF**